UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLINT BONDERER<br><br>Defendant. | No.  2:15-cr-00028 KJM<br><br><br>ORDER |

Defendant's "request to terminate federal probation" is before the court.  For the reasons set out below, the court DENIES defendant's motion.

I.      BACKGROUND

On March 3, 2016, the court sentenced defendant to a term of imprisonment of 38 months followed by a term of supervised release of 36 months.  Sentencing Mins., ECF No. 74. The court also required defendant to pay restitution in the amount of $610,052.00 for which he would be joint and severally liable with his codefendant.  *Id*.  Defendant was released from federal prison in November 2017 when he began his term of supervised release.  *See* ECF No.

1

1  134 at 1.  On July 16, 2018, the court remanded defendant in light of charges that he violated the
2  terms of his supervised release.  Detention Order, ECF No. 127.  On December 3, 2018, the court
3  found the defendant had in fact violated the terms and conditions of his supervised release,
4  revoked his release and ordered defendant to be committed for a term of seven months followed
5  by 28 months of supervised release.  Violation Hearing Mins., ECF No. 149.  According to the
6  government, after he was released from federal custody, defendant was then charged by the
7  Amador County District Attorney's Office for use of identification with intent to defraud.  Opp'n,
8  ECF No. 153, at 2–3.  He is currently serving time in California state prison based on his
9  conviction on the state charge, after which time he will be subject to the 28 months of federal
10 supervised release this court previously imposed.  *Id.* at 3.  Because it is likely that defendant will
11 be subject to state supervision after release from state prison, *id.* at 5, defendant now moves to
12 terminate his federal supervised release to avoid concurrent state and federal supervision,  Mot.,
13 ECF No. 151.

14 II.    LEGAL STANDARD

15          Though defendant does not specify the authority for his request, the court upon
16 reflection construes it as a request to terminate a term of supervised release under 18 U.S.C.
17 § 3583(e).  *See* Opp'n at 1 n.1 (arguing that, though the court characterized motion as one to
18 modify sentence, ECF No. 152, it is more accurately characterized as a motion to terminate
19 supervised release).  Under § 3583(e)(1), the court may terminate supervised release after a
20 defendant has served at least one year on supervised release "if it is satisfied that such action is
21 warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §
22 3583(e)(1).

23          Under § 3583(e)(2)[1], which neither party expressly cites, the court may "'modify
24 or reduce the conditions of supervised release *at any time*' such that "it is possible for [a

---

[1] "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure

2

defendant] to receive relief in the form of a reduced or modified term of supervised release." *United States v. Dillon*, No. CR 14-00024 WHA, 2014 WL 4071675, at *2 (N.D. Cal. Aug. 18, 2014) (emphasis in original) (quoting *Gunderson v. Hood,* 268 F.3d 1149, 1153 (9th Cir. 2001)).

Both § 3583(e)(1) and (e)(2) require the court to consider several factors, including: the nature and circumstances of the offense and the history and characteristics of the defendant; deterrence; protection of the public; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing, *inter alia*, 18 U.S.C. § 3553(a)).  It is defendant's burden to establish that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citations omitted) (citing, *inter alia*, *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) (placing burden on defendant to show termination or modification of supervised release warranted)).

III.   DISCUSSION

Defendant's request for early termination of his supervised release is cursory. Defendant believes that after release from state prison, which he anticipates will occur on January 16, 2021, only five months of federal probation will remain for him during which time he will also be subject to state parole.[2]  Mot. at 1.  Defendant argues only that serving concurrent state and federal supervised release might be "a lot to handle." *Id.*

The United States opposes defendant's motion, arguing first that defendant has not served the year of supervise released required under § 3583(e)(1) before a court may consider terminating his sentence.  Opp'n at 4.  The government also argues none of the applicable factors under § 3553(a) weighs in favor of termination, so defendant has not satisfied his burden establishing release is warranted. *Id.*  Specifically, the government argues "undue hardship on the defendant" alone is insufficient to warrant termination. *Id.*  After considering defendant's request

---

relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . ." 19 U.S.C. § 3583(e)(2).

[2] According to the government, defendant will "begin his 28 months of federal supervision" after he is released from state custody. Opp'n at 3.

3

and the government's arguments opposing, the court finds early termination of defendant's supervised released sentence is not warranted at this time.

In this case, defendant has yet to begin his period of federal supervised release. The government therefore is correct that he has not satisfied the threshold statutory requirement for a court to consider termination under § 3583(e)(1) only "after the expiration of one year of supervised release[.]" 18 U.S.C. § 3583(e)(1); *see United States v. Dillon*, No. CR 14-00024 WHA, 2014 WL 4071675, at *2 (N.D. Cal. Aug. 18, 2014) (denying motion to terminate supervised release where defendant had only completed nine months of supervision); *Gonzalez-Guevara v. United States*, No. 15cv02884 JAH, 2019 WL 1438300, at *2 (S.D. Cal. Mar. 29, 2019) ("Because Petitioner has yet to be released, the Court is without jurisdiction to entertain its motion [to terminate supervised release]." (citing 18 U.S.C. § 3583(e)(1)).

Furthermore, defendant has not shown the applicable § 3553(a) factors weigh in favor of modifying his term of supervised release, which applies to the extent relief might be available under § 3583(e)(2). Most notably, defendant's unpaid restitution, failure to comply with the terms of his pretrial or supervised release, and that he appears to have committed state crimes similar to his federal offense while on federal supervised release all weigh against modifying his term of supervised release. Under these circumstances, the court declines to terminate defendant's supervised release under § 3583(e)(1). *Cf. United States v. Oak*, 398 F. App'x 274, 275 (9th Cir. 2010) (affirming district court's refusal to grant early termination based on remaining restitution in the amount of $200,000) (citing, *inter alia*, 18 U.S.C. § 3553(a)(7)); *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) (analyzing factors specified in § 3583(e) and denying motion to terminate supervised release even where defendant demonstrated rehabilitative efforts because "model prison conduct and full compliance with the terms of supervised release is what is expected of [defendants] and . . . does not warrant early termination." (citation omitted)).

/////

/////

/////

4

Because he has not satisfied the one-year period of supervision required for early termination under § 3583(e)(1) and has not shown the applicable factors weigh in favor of modifying his term under § 3583(e)(2), the court DENIES defendant's motion. ECF No. 151.

IT IS SO ORDERED.

DATED: May 27, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE